# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                                                                                       No. CR 15-3955 JB

DARRYL J. GUTIERREZ,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** come before the Court on: (i) the Petition for Revocation of Supervised Release, filed December 17, 2020 (Doc. 152)("Petition"); (ii) Defendant's Motion to Dismiss, filed May 17, 2021 (Doc. 177)("MTD"); (iii) the Defendant's Motion in Limine Request to Suppress filed Tax Statements/Returns, filed June 1, 2021 (Doc. 179)("MIL"); (iv) the Plaintiff United States' Response to Defendant's Motion to Dismiss and United States' Motion to Strike, Deny Relief Requested, and Limit Defendant's Future Filings, filed June 1, 2021 (Doc. 180)("U.S. Motion"). The Court held an evidentiary hearing on the MTD, the MIL, the U.S. Motion, and the Petition and on the motions on June 17 and 18, 2021. See Notice and Minute Order, filed June 16, 2021 (Doc. 190)(text only entry). The primary issues are: (i) whether the Court should dismiss the Petition, because the Court lacks jurisdiction over sovereign citizens such as Defendant Darryl J. Gutierrez; (ii) whether the Court should exclude Gutierrez' tax statements and returns from 2016, 2017, and 2018, because Plaintiff United States of America gathered the information in violation of the Fourth and Fifth Amendments to the United States Constitution; (iii) whether the Court should strike the MTD and the MIL, because Gutierrez' arguments are meritless and have previously been addressed by the Court in its Memorandum Opinion and Order, filed May 5, 2018

(Doc. 127)("MOO"); (iv) whether the Court should limit Gutierrez's ability to file documents in this case, because Gutierrez' sovereign citizen arguments are frivolous; (v) whether Gutierrez did not comply with a special condition of supervised release by not submitting timely, accurate, and lawful state and federal income tax returns; (vi) whether Gutierrez did not comply with a mandatory condition of supervised release not to commit another federal, state, or local crime by not complying with state and federal tax requirements and violating the Internal Revenue Code; (vii) whether Gutierrez did not comply with a standard condition of supervised release by not meeting with a certified public accountant as required by his probation officer; (viii) whether Gutierrez did not comply with a special condition of supervised release by not filing his 2016 state and federal taxes; (ix) whether Gutierrez did not comply with a special condition of supervised release by sending frivolous documents to the Internal Revenue Services ("IRS") in December 2019; and (x) whether Gutierrez did not comply with a special condition of supervised release by requesting tax refunds from the IRS when he owed the IRS income taxes. The Court concludes: (i) Gutierrez' arguments lack any valid legal basis, as the Court previously explained in its MOO, and the Court has jurisdiction under 18 U.S.C. § 3583 and rule 32.1 of the Federal Rules of Criminal Procedure; (ii) the Court will not exclude Gutierrez' tax statements and returns, because the United States has not violated Gutierrez' Fourth or Fifth Amendment rights; (iii) the Court will not strike either the MTD or the MIL, because the Court is unwilling to construe what material is subject to a motion to strike broadly and is reluctant to use such a remedy; and (iv) the Court will not impose filing restrictions, because Gutierrez's filings are not repetitive or abusive; (v) Gutierrez did not comply with a special condition of supervised release by not submitting timely, accurate, and lawful state and federal income tax returns; (vi) Gutierrez did not comply with a mandatory condition of supervised release not to commit another federal, state, or local crime by

not complying with state and federal tax requirements and violating the Internal Revenue Code; (vii) Gutierrez did not comply with a standard condition of supervised release by not meeting with a certified public accountant as required by his probation officer; (viii) Gutierrez did not comply with a special condition of supervised release by not filing his 2016 state and federal taxes; (ix) Gutierrez did not comply with a special condition of supervised release by sending frivolous documents to the IRS in December 2019; and (x) Gutierrez did not comply with a special condition of supervised release by requesting tax refunds from the IRS when he owed the IRS income taxes.

## FINDINGS OF FACT

The Court held a two-day hearing on the MTD, the MIL, the U.S. Motion, and the Petition. The Court makes the following findings of fact related to the issues. Rule 12(d) of the Federal Rules of Criminal Procedure requires the Court to state its essential findings on the record when deciding factual issues. See Fed. R. Crim. P. 12(d) ("When factual issues are involved in deciding a motion, the court must state its essential findings on the record."). The findings of fact in this Memorandum Opinion and Order shall serve as the Court's essential findings for rule 12(d)'s purposes. In making these findings, the Court does not consider any evidence or testimony from the hearing that violates the test that the United States Court of Appeals for the Tenth Circuit adopted in United States v. Jones, 818 F.3d 1091, 1098 (10th Cir. 2016). See United States v. Hernandez, 428 F. Supp. 3d 775, 788 (D.N.M. 2019)(Browning, J.)("When applying the balancing test, the Court must weigh the defendant's interest in cross-examining and confronting [a] witness with the government's good cause for not presenting the witness.")(citing United States v. Jones, 818 F.3d at 1098)). Accordingly, the Court finds:

1. **Background**.

1.  On March 30, 2017, a jury found Gutierrez guilty of eleven counts.  See Verdict filed March 30, 2017 (Doc. 91).

2.  The jury found Gutierrez guilty on Count 1: Corruptly Endeavoring to Obstruct and Impede the due Administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a); Counts, and Counts 2-11: Making and Subscribing False Tax Returns, in violation of 26 U.S.C. § 7206(1).  See Indictment at 1-9, filed November 5, 2015 (Doc. 2); Verdict at 1-2.

3.  The Court sentenced Gutierrez to 33 months' imprisonment and one year of supervised release.  See Judgment in a Criminal Case, filed July 20, 2018 (Doc. 130)("Judgment").

4.  As part of his conditions of supervised release, the Court imposed mandatory conditions of release, including that Gutierrez "not commit another federal, state, or local crime"; standard conditions of release, including a requirement to follow the instructions of the probation officer; and special conditions of supervision:

**SPECIAL CONDITIONS OF SUPERVISION**

You must not incur new credit charges, negotiate or consummate any financial contracts or open additional lines of credit without prior approval of the probation officer.

You must provide the probation officer access to any requested financial information and authorize the release of any financial information.  The probation office may share financial information with the U.S. Attorney's Office.

. . . .

You must cooperate and arrange with the Internal Revenue Service to pay all taxes, past and present, including any interest, and penalties owed.

You must file 2016 state and federal returns immediately.

You must submit timely, accurate, and lawful state and federal income tax returns and provide proof of such filing to the probation officer as requested. If you claim that you do not owe state of federal taxes, then you must provide sufficient proof to substantiate that claim to the probation officer as requested.

> With the exception of filing a valid tax return, to include paying all taxes past and present, you must not initiate, either directly or indirectly, any contact or correspondence with the IRS, including Special Agent Sharon Parker, except through a licensed attorney.
>
> You will make restitution to Internal Revenue Service in the amount of $174,196. Restitution shall be submitted to the Clerk of the Court, Attention Intake, 333 Lomas Boulevard N.W. Suite 270, Albuquerque, New Mexico 87102, to then be forwarded to the victim(s). The restitution will be paid immediately.

Judgment at 1-6.

5. Gutierrez appealed his conviction and sentence, and the United States Court of Appeals for the Tenth Circuit "reject[ed] all of Mr. Gutierrez's arguments on appeal," and affirmed his conviction and sentence. United States v. Gutierrez, 773 F. App'x 467, 471 (10th Cir. 2019)(rejecting also Gutierrez' argument that "the district court erred by imposing a supervised release condition that requires him to file an income tax return").

**2.     Gutierrez Has Violated Conditions of Supervision.**

6. Gutierrez has violated conditions of supervision, because Gutierrez did not file lawful state and federal tax returns and did not provide proof of such filings or proof he does not owe state or federal taxes. See Draft Transcript of Hearing, at 54:1-58:21 (taken June 17, 2021)("June 17 Tr.")(Hartstein, CdeBaca); id. at 54:13-56:21 (Hartstein, CdeBaca)(referring to United States' Hearing Exhibits B, C, and D, and testifying that the IRS determined that Gutierrez' filing was unlawful); id. at 92:11-93:2 (Kastrin, Policy)(testifying about Special Agent Candace Policy's investigation into Gutierrez' tax returns for 206, 2017, and 2018).[1]

7. Gutierrez committed another crime by submitting an unlawful tax filing using Internal Revenue Code 1040NR. See Tr. at 58:22-62:2 (Hartstein, CdeBaca); id. at 104:5-105:17

---

[1]The Court's citations to the hearing transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

(Kastrin, Policy)(testifying that Gutierrez sent in tax statements not recognized by the IRS, because he used a form meant for nonresident immigrants, not citizens like Gutierrez).

8. Gutierrez did not identify any taxable income on the forms he submitted to the IRS. See Tr. at 56:2-9 (Hartstein, CdeBaca); id. at 97:11-104:8 (Kastrin, Policy).

9. Gutierrez did not follow the United States Probation Office ("USPO") officer's instructions to meet with a certified public accountant ("CPA") to resolve his tax filings. See Tr. at 56:22-57:3 (Hartstein, CdeBaca)(testifying that the USPO officer had advised Gutierrez to meet with a CPA, but he did not); id. at 61:19-62:8 (Hartstein, CdeBaca)("[Gutierrez] failed to follow instruction about meeting with the certified public accountant regarding the file of his 2016, 2017, 2018 tax returns.").

10. Gutierrez did not file his 2016 tax filings before surrendering for incarceration as the Court ordered. See Tr. at 62:9-63:10 (Hartstein, CdeBaca); id. at 97:11-99:22 (Kastrin, Policy)(testifying that Gutierrez owes the IRS $12,504.00 for tax year 2016, and that there is no "lawful basis for him to avoid payment . . . of 12,504.00 dollars that the IRS has assessed as being due and owing . . .").

11. Gutierrez did not submit valid tax filings or correspond through a licensed attorney to maintain compliance with IRS laws; instead Gutierrez sent purported tax returns himself. See Tr. at 63:23-64:11 (Hartstein, CdeBaca); id. at 95:5-18 (Kastrin, Policy); id. at 104:5-105:17 (Kastrin, Policy)(testifying that Gutierrez sent in tax statements not recognized by the IRS, because he used a form meant for nonresident immigrants, not citizens like Gutierrez); id. at 106:15-21 (Kastrin, Policy)(testifying that Gutierrez "submitted the unlawful tax submissions that the IRS received for 2017 and 2018 . . .").

12.     Gutierrez has not paid the IRS his 2016 and 2017 taxes in the amount of $38,717.00.  See Tr. at 64:12-65:22 (Hartstein, CdeBaca); id. at 97:11-104:8 (Kastrin, Policy)(testifying that Gutierrez owes the IRS $12,504.00 for tax year 2016, testifying that Gutierrez owed the IRS $26,213.00 for the 2017 tax year,[2] and that the IRS owed Gutierrez a refund of $3545.00 in 2018, but that he sought a refund of $19,200, which was to the total withheld income for 2018); id. at 97:11-104:8 (Kastrin, Policy)(testifying that, "[a]s of today," Gutierrez has not "paid all the tax due, past and present for the 2017 and 2018, 2016, 2017 tax years").

**3.     Sentencing.**

13.     The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).

14.     The Court determines under § 7B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") that the most serious violations of which the Court found Gutierrez was guilty of is classified as a grade B violation.  See U.S.S.G. § 7B1.1(a)(2).

15.     The criminal history category is I.  See U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

16.     A grade B violation, and a criminal history category of I, establish a revocation imprisonment range of 4 to 10 months.

17.     Under 18 U.S.C. 3583(e)(3), the maximum term of imprisonment upon revocation of supervised release is 12 months.

18.     The sentencing guidelines are advisory.

19.     Based upon the Gutierrez' unwillingness to comply with the Court's orders, imprisonment is needed to provide an adequate deterrent.

---

[2]The total Gutierrez owes the IRS for the 2016 tax year and for the 2017 tax year is $12,504.00 + $26,213.00 = $38,717.00.

20. In sentencing Gutierrez, the Court has carefully considered the factors set forth in 18 U.S.C. §§ 3553(a)(1) through (7), and the Court has considered the Guidelines, but in arriving at its sentence, the Court has taken into account not only the Guidelines but also sentencing goals, specifically the goals of supervised release which are to ease Gutierrez back into society after he has served a prison term, and try to help him stay on the straight and narrow path as he comes back into society.

21. The Court has considered the Guideline sentence range established for the applicable category of offense committed by the applicable category of defendant.

22. The Court has thought a lot about Gutierrez over the years, because he has had many dealing with the Court, and it is frustrating because the Court was hoping that after Gutierrez served his time in prison that he would get away from these tax theories that simply do not have any basis in law or in fact.

23. The Court has tried to write opinions so that Gutierrez could read them, and try to see that he is just on the wrong path with his sovereign citizen theories, but he has fought all the way and he continues to fight today.

24. It is frustrating because the Court is not sure these proceedings are doing much good, because Gutierrez has received a lengthy sentence, and he has been on supervised release and performed well in every category except these tax returns, which he is still resisting.

25. The Court has considered his request and his father's request that he not receive any time, but the Court does not think that would be appropriate and that he needs to serve some time to deter this activity and to encourage him to get in line with his fellow citizens and pay his taxes and not try to resist it the way he is.

26. The Court has also considered carefully the United States' request for a maximum statutory penalty here and understands the United States' arguments, but the Court is not inclined to crawl out of the guidelines in this case, because the Court is not convinced that an above the guideline sentence will promote the goals of supervised release.

27. The Court is unsure whether the sentences are getting to Gutierrez, because he has these firmly held theories and he's going to resist it, but the Court does not think that crawling up into the guideline ranges necessary in this case; therefore, a sentence at the low end is appropriate and reflects the 3553(a) factors and shouldn't be greater than is necessary.

28. Accordingly, Gutierrez is committed to the custody of the Bureau of Prisons for a term of 4 months.

29. The Court believes that a sentence of 4 months is adequate but also necessary to afford adequate deterrence.

30. The punishment is a guideline sentence, so it avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

31. A sentence at low end of the guideline range and no further supervised release in this case fully and effectively reflects each of the relevant factors embodied in 18 U.S.C. § 3553(a).

32. Not all the factors that are listed in 18 U.S.C. § 3553(a) are relevant to supervised release.

33. A low end of the guideline range produces a reasonable sentence, which means that it is a sentence that is sufficient, but not greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

34. A term of supervised release will not be reimposed.

# ANALYSIS

Turning first to the motions, the Court will deny the MTD, deny the MIL, deny the United States' request to strike the MTD and the MIL, and will not impose filing restrictions. In the MTD, Gutierrez raises at least seven arguments that the Court can discern explaining why the Court should dismiss the Petition: (i) the Court lacks jurisdiction, because, as a sovereign citizen, Gutierrez is not subject to these proceedings; (ii) the "Supervised Release Agreement between the court and Gutierrez violates the Unconstitutional-Conditions Doctrine . . . due process and equal protection," because having to "file tax returns compels Gutierrez to change his status as a publicly declared Foreign Sovereign and a Nontaxpayer"; (iii) the "Petition lacks merit"; (iv) the "Federal returns were filed under duress"; (v) Gutierrez is not a taxpayer, because he is not a citizen or resident of the United States, which is limited to the District of Columbia, and does not owe federal taxes; (vi) the evidence upon which the USPO relies is hearsay and inadmissible, because all evidence must be signed under penalty of perjury; and (vii) the preponderance of the evidence does not show that he violated the conditions of his supervised release. MTD at 1-9. The Court addressed many of these arguments in its MOO, and will deny them for the same reasons, namely because Gutierrez' arguments are premised entirely on sovereign citizen theories.[3] See MOO at 22-30. Gutierrez' arguments bear "the 'hallmarks' of a 'traditional, meritless tax-protestor,'"

---

[3]The Southern Poverty Law Center reports:

> Sovereign citizens believe that they -- not judges, juries, law enforcement or elected officials -- get to decide which laws to obey and which to ignore, and they don't think they should have to pay taxes. Sovereigns are clogging up the courts with indecipherable filings and when cornered, many of them lash out in rage, frustration and, in the most extreme cases, acts of deadly violence, usually directed against government officials.

Sovereign Citizens Movement, Southern Poverty law center, https://www.splcenter.org/fighting-hate/extremist-files/ideology/sovereign-citizens-movement (last visited June 17, 2021).

MOO at 22 (quoting United States v. Rivera, No. CIV 14-0579 JB/CG, 2015 WL 4042197, at *19 (D.N.M. June 30, 2015)(Browning, J.)), and his arguments are routinely rejected as "patently frivolous," United States v. Sellors, 572 F. App'x 628, 632 (10th Cir. 2014).  After reviewing Gutierrez' arguments again, the Court remains convinced that it does not agree with Gutierrez' arguments.  Gutierrez also raises new arguments: he argues that this Court lacks jurisdiction, because he is "a foreign sovereign" and only "the District Courts of the United States . . . vested with Article III power, not the United States District Courts," have jurisdiction over him.  Tr. at 45:25-2 (Gutierrez).  "District Courts of the United States have original jurisdiction, not United States District Courts.  I cannot find any connection transferring power from District Courts to United States District Courts."  Tr. at 48:16-20 (Gutierrez).  This Court, however, is an Article III court, and the Court has jurisdiction over this proceeding under 18 U.S.C. § 3583 and rule 32.1 of the Federal Rules of Criminal Procedure.  See United States v. Palmer, 699 F. App'x 836, 838 (10th Cir. 2017)("As for [the defendant's] sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous."); Charlotte v. Hansen, 433 F. App'x 660, 661 (10th Cir. 2011)("We note that an individual's belief that her status as a 'sovereign citizen' puts her beyond the jurisdiction of the courts 'has no conceivable validity in American law.'")(quoting United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990)); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011)("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily[] however they are presented."); United States v. My Dr. Suggests LLC, No. 2:20-CV-00279 DBB, 2021 WL 662442, at *2 (D. Utah Feb. 19, 2021)(Barlow, J.)("Theories about lack of jurisdiction based on sovereign citizenry should be rejected summarily."); Osorio v. Connecticut,

No. 3:17-CV-1210 (CSH), 2018 WL 1440178, at *5 (D. Conn. Mar. 22, 2018)(Haight, J.)(listing cases and noting: "Numerous Circuits have noted the rise of this movement and rejected its underlying premise that federal courts lack jurisdiction over all 'living men.'")(no citation for quotation).

Next, Gutierrez seeks to suppress his tax statement and returns from 2016, 2017, and 2018, because he argues their release is equivalent to testifying against himself -- a "forced confession" -- and is an invasion of his right to privacy. Motion in Limine at 1-2. The Tenth Circuit has squarely "rejected" Gutierrez' "argument that requiring a citizen to file a tax return violates the Fifth Amendment . . . ." United States v. Gutierrez, 773 Fed. App'x 467, 470 (10th Cir. May 15, 2019)(rejecting Gutierrez' same arguments on appeal following his conviction)(citing United States v. Moore, 692 F.2d 95, 97 (10th Cir. 1979)(rejecting the claim that the Fifth Amendment provides a defense against failing to file a tax return)). See United States v. Sullivan, 274 U.S. 259, 263-64 (1927). Similarly, tax disclosure does not violate a person's right to privacy under the Fourth Amendment. See United States v. Amon, 669 F.2d 1351, 1357-58 (10th Cir. 1981)("It is also clear that defendants' Fourth Amendment rights have not been violated by the Government since they could not legitimately claim an expectation of privacy in documents which they submitted voluntarily to the IRS and their employers."). Next, the Court will not strike the either the MTD or the MIL. The United States suggests that the Court should strike these motions, because the Court has already turned aside the arguments in its MOO, but cites no authority for its proposition. See U.S. Motion at 7. The Court concludes that striking motions, as opposed to pleadings, is not proper. See Skyline Potato Co. v. Hi-Land Potato Co., No. CIV 10-0698 JB/RHS, 2012 WL 6846386, at *6 (D.N.M. Dec. 31, 2012)(Browning, J.)("'Only material included in a "pleading" may be the subject of a motion to strike, and courts have been unwilling to construe

the term broadly.'")(quoting 2 James Moore, Milton I. Shadurupdates & Mary P. Squiers, Moore's Federal Practice § 12.37[2], at 12-128 (3d ed. 2012)); Applied Capital, Inc. v. Gibson, No. CIV 05–0098 JB/ACT, 2007 WL 5685131, at *7 (D.N.M. Sept. 27, 2007)(Browning, J.)("Under rule 7(a), motions and other papers are not pleadings.")(citing Fed. R. Civ. P. 7(a)). Even if it were proper to strike a motion, the Court would not do so; it is sufficient to deny the motions. Similarly, the Court will not impose filing restrictions, because although sovereign citizen arguments are frivolous, Gutierrez' filing have not yet become repetitive or abusive. Cf. Stewart v. Shannon, No. CIV 12-0560 JB/KBM, 2012 WL 6629606, at *1 (D.N.M. Oct. 31, 2012)(Browning, J.)(imposing filing restrictions after concluding that a defendant's "filings have become repetitive and abusive").

Turning to the allegations in the Petition, the Court concludes that the preponderance of the evidence shows that: (i) Gutierrez did not comply with a special condition of supervised release by not submitting timely, accurate, and lawful state and federal income tax returns; (ii) Gutierrez did not comply with a mandatory condition of supervised release not to commit another federal, state, or local crime by not complying with state and federal tax requirements and violating the Internal Revenue Code; (iii) Gutierrez did not comply with a standard condition of supervised release by not meeting with a certified public accountant as required by his probation officer; (iv) Gutierrez did not comply with a special condition of supervised release by not filing his 2016 state and federal taxes; (v) Gutierrez did not comply with a special condition of supervised release by sending frivolous documents to the IRS in December 2019; and (iv) Gutierrez did not comply with a special condition of supervised release by requesting tax refunds from the IRS when he owed the IRS income taxes.

**IT IS ORDERED** that: (i) the Defendant's Motion to Dismiss, filed May 17, 2021 (Doc. 177), is denied; (ii) the Defendant's Motion in Limine Request to Suppress filed Tax Statements/Returns, filed June 1, 2021 (Doc. 179), is denied; (iv) the requests to strike in the Plaintiff United States' Response to Defendant's Motion to Dismiss and United States' Motion to Strike, Deny Relief Requested, and Limit Defendant's Future Filings, filed June 1, 2021 (Doc. 180), are denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Fred J. Federici
   Acting United States Attorney
Reeve L. Swainston
Holland S. Kastrin
Margaret M. Vierbuchen
Taylor F. Hartstein
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Daryl J. Gutierrez
Santa Fe, New Mexico

   *Defendant pro se*